Case number 23-1262 Jonathan Moses et al. v. City of Perry, MI Arguments not to exceed 15 minutes per side. Mr. Barker you may proceed for the appellant. Good morning Your Honor and may it please the Court. My name is Jeff Barker appearing on behalf of the Appellant Intervenor 120 West LLC, doing business as Local Roots Cannabis Company. I would wish to reserve five minutes for rebuttal. That's fine. I'll begin by clarifying some timing of the proceedings below. The complaint was originally filed in October of 2022. However, the City was not served with the lawsuit until January 16th of 2023. And the City did not appear until February 1, 2023. We filed our motion to intervene on the 9th of February, 2023. And the City of Perry did not approve any sort of settlement agreements until approving a counteroffer on February 16th of 2023. No objections were filed by the original parties within 14 days, which would have been required under Local Rule 7.1E1. And as such, the intervention became ripe on February 24th. No response or answer or any objections were filed, as I mentioned. And then a number of events occurred on March 3rd, first being the City filing its answer through the Court's ECF system. Second, the Court filed its mootness order, referring to a phone conversation that occurred on the 2nd of March, saying that the parties had come to a settlement agreement. But it wasn't until after that order was filed that the plaintiffs and the Defendant City filed its conditional stipulated order, according to the ECF record at the Court below. The mootness order is unique, as I mentioned, because the judge was only given a verbal notice of the settlement, and without reviewing the actual terms of the settlement, determined that our motion to intervene would be mooted. However, the parties did not submit a complete dismissal order. They submitted a conditional dismissal order, which left open the Court's jurisdiction in the matter for an additional three years, until March 3rd, 2026. Why is the remaining jurisdiction for the purpose of enforcing the terms of the settlement conditional language? Because it allows the Court to retain jurisdiction, which would allow the Court to hear the motion to intervene and to receive the responses, as the Court eventually ordered, that the parties should respond to our motion to intervene within the week after the March 3rd deadline for the City to submit its answer. Well, the law that allows that, doesn't that usually consider the case still open? If the order contains a condition subsequent that must occur in order to consummate the settlement. But we had passed through that here, right? This was only a question of enforcement? Your Honor, the City had a number of obligations to fulfill, a number of conditions it had to complete, in order to effectuate the settlement agreement. It had to make changes to its zoning ordinance, it had to make changes to its licensing ordinance, it had to comply with approval of construction permits, and a number of other factors that the City, their obligations that the City had, that were subsequent to the filing of the stipulation of dismissal. But here it was only jurisdiction for the purpose of enforcing the terms of the settlement, right? Yes, Your Honor. And the order of dismissal went on the docket, right? Yes, Your Honor. Why didn't you file a Rule 60? Your Honor, the case law seems to indicate that as a proposed intervener, the ability to file a 60, the standing would have been an issue to file a 60B motion in this instance, for the proposed interveners, according to my understanding of the underlying case law. But that, so you're recognizing that you're not, you have a problem with a 60 because you're a proposed intervener. That means, why doesn't that take care of the rest of the case too? I mean, you weren't entitled to participate in the settlement agreement, or discussions, or the dismissal procedure because you weren't a party. We dispute the fact that we were not a party. We were not an original party. But then you could have filed a Rule 60, right? I mean, I said this. In hindsight, we could possibly have filed that motion as well, in addition to. Well, you still could, I take it, right? Or is the time out? It is not yet timed out, Your Honor. However, there is space between some of the cases from the Sixth Circuit on the ability of interveners to intervene in a case, based upon the timing of settlement discussions and settlements and dismissals. It seems that there are two cases here. One is an unpublished case, the Midwest Realty case, which allowed for, at the one day prior to the conclusion of the held open period of the order, sorry, of the dismissal, putative parties filed a motion to intervene. Here, we filed the motion to intervene prior to the defendant's city even filing its answer. What do you do with the order in Midwest Realty, the judge's specific order that contemplated that somebody could move to reopen? And it seemed like he anticipated that somebody might come in, maybe a party, maybe an intervener, I suppose. Isn't that a little bit different than what we've got here? It is slightly different, Your Honor. Here, the order was drafted by the parties, not by the judge, and so maybe the judge would have let a little bit more expansive language if the judge were to write the order. However, the order here, which not only, the dismissal did not just reference the settlement agreement, it actually reincorporated the entire settlement agreement into the dismissal order, which means that the conditions that the city must comply with, that is the zoning ordinance changes, the licensing ordinance changes, the construction permits, the communication with the state of Michigan for licensing purposes, etc., those are all conditions that must have been completed that had not yet completed. Here, now, as of today, the city has made changes to its licensing ordinance, it has made changes to its zoning ordinance, however, it has yet to, according to my understanding from earlier this week, the plaintiff has not yet filed any sort of construction permits request, has not put in any zoning requests, and so the city still has obligations to complete that are part of the order of dismissal, that are part of, that are conditions subsequent to the order of dismissal, and has three years. So, none of this affected your client and your client's establishment, except that your client now has unanticipated competition? Unanticipated competition, a greatly expanded number of locations available to operate its business. Previously, the exclusionary zone... Wait a minute, I'm sorry. Yes, Your Honor. The new ordinance... The new ordinance that the city passed, the new zoning ordinance that the city passed in response to the settlement agreement. The settlement agreement... That the agreement only obligated them to permit the plaintiff to open another establishment. The agreement required the city to make changes to its zoning and licensing ordinances to allow the plaintiff to... The plaintiff's pre-existing property to comply with the... Sorry. The city must amend its ordinances so that the plaintiff's property would be eligible for license. The local roots here had a property, based upon the original ordinance as written, had a wide exclusion. The change was... Originally, the ordinance did not allow any licensed activity to occur within a thousand feet as the crow flies from any school property, school-owned property or the library. Most of the things here is the school is the problem. It changed it so that the measurement was now from the front door of the school property or library property and then measured down the center lane to the potential licensed property, which changed the number of properties available, tripled the number of properties that would have been available for my clients to obtain, which would include properties that have a better road count, better pedestrian counts, that would allow for a more competitive business. Were there open hearings on all of that? At the city, Your Honor? The ordinance, before passing the ordinance. Yes, Your Honor, the city held one hearing on the ordinance and passed it. We have other issues with the way that the city passed the order, but that is not relevant to the appeal here. Okay, I was just curious. Okay, thank you. You'll have your rebuttal time. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court, my name is Anderson Grandstaff, and I'm here for the appellees in this case, Jonathan Moses and Liberty Wellness. The sole issue that is properly before this Court is whether the district court erred when it concluded that entry of the stipulated order of the dismissal mooted the motion to intervene. With all due respect to Brother Counsel, as this panel has already pointed out in the questioning, his client was not a party to the suit, and therefore they are not entitled to control proceedings. They were instead a proposed intervener, and the Court had not adjudicated that their interest in the case was sufficient to allow them control over the proceedings. If I can briefly address what I believe is the core misunderstanding of the appellant's brief, it has to do with what definition of a conditional dismissal is. The language used in this order in this case was not conditional, because it did not set forth a condition subsequent that must occur in order for the dismissal to become effective. So that's the way that this case is different than Midwest Realty, I take it? Yes. And that's why this case is similar to Salem Point, is that right? That's very much correct, you're asking this question. There's some general language in Midwest Realty that talks about putative parties, parties that have made a motion to intervene being treated essentially like parties, because they had done everything they needed to do to become a party. Does that language, there's no cite, by the way, for any of that, but does that language, that general language, I mean, taking that in isolation, why wouldn't that support their argument regardless of whether it was a conditional dismissal? Well, Your Honor, I think the full language of the portion of the Midwest order is, provided that any of the parties may, upon good cause shown no later than June 4, 2004, reopen the action if settlement is not consummated. So it may make a, I believe that there was general language referencing putative parties, but what actually sufficed to make this a conditional order of dismissal was the language here, provided that reopen the case if settlement is not consummated. Yeah, but what puzzles me is it says the parties, the parties may, upon good show, reopen. Okay, so that seems fairly limited. It should be the parties, and then we say on page 785, I guess it is, and on June 4, 2001, putative in italics, putative parties moved in effect to reopen the matter. While the proposed interveners were not parties to the case when they filed their motion to intervene, they did employ proper means to become parties before the action was effectively dismissed. In this respect, their motion was timely, and the district court clearly had jurisdiction to entertain and grant the motion to intervene. Now, nobody is disputing that the district court had jurisdiction here to decide it before he decided to put on an order on dismissal, although it was a stipulation. But it seems to me that that language is odd because it seems to equate a putative party with a party, a proposed intervener with a party, and I'm not sure what to do with that. I mean, in the context of this case, this case seems to be distinguishable for the reason you gave that it's a conditional dismissal. I'm just curious about this language taking it out seems to be, I mean, it seems to equate a putative party with a party. I mean, that would be a problem, wouldn't it? I believe that that can be explained by the context of the Midwest case as I understand it. I believe that that case was relatively early on in litigation, subject to settlement negotiations and eventually dismissed, and I don't know for sure whether it was a class action or whether all of the potential plaintiffs to the action had not yet been ascertained, which is why I think that explains the context of it, that parties were still very much joining the case even up to the point where the case was about to be dismissed. That is my recollection of it, Your Honor. So, I mean, you have a situation where the city is about to enter into an agreement that undoubtedly affects this third party who followed the prior ordinance. Why shouldn't the court have let them be heard? Like, why hold the motion and let the parties settle the case, and then what are they supposed to do? Well, by the time that the motion to intervene had been filed, the parties had already been in settlement negotiations for the case for several months. The substantive claims that were brought up by my client in the original case had to do with the fairness of the procedures used to deny my client's application to get one of these licenses, and whether my client was given a fair opportunity to acquire one of those licenses. And by the time that the motion to intervene was filed, we were really finalizing the details on it and going back. I know, but I don't think there's a fair question of diligence. I mean, what were they, where did they drop the ball in terms of the timeliness of the motion to intervene? I wouldn't posit that they did drop the ball. Right, so... I would posit that they, as a... So in my question, I posited that you had reached this agreement. So you reached the agreement. The agreement is obviously going to affect them. Why wouldn't the judge let them be heard? Well, I believe that the mechanism by which the Rule 41 order of dismissal functions on it is that because there is no longer any case in controversy for them to intervene, and I do understand the substantive point that you're making with your question, but if that's the case, then they could always bring a separate action against my client, and they did not necessarily need to intervene in this action. Do you agree that they could file a Rule 60 motion, or do you think they wouldn't have standing to file a Rule 60 motion? I would agree, Your Honor, that they don't have standing to file a Rule 60 because they aren't a party, but I would also posit that, as my understanding, a Rule 60b motion involves allegations of improper conduct or duress or anything like that, and I don't believe that that's present here, so I believe that on the merits of that motion would also be denied. Well, I don't know. I guess I'm not – you both seem to think that you have to be a party, and I guess I'm not understanding why you can't bring up the intervention issue on a Rule 60, but maybe I don't understand the rule as well. I don't know, but it seems to me, and I believe our cases, and I read – I can't remember which case. I think it was either – maybe it was Salem Point. One of the cases suggested, I thought, that you could bring a Rule 60 in this situation. Am I mistaken? No, Your Honor. I believe that that is Hinsdale v. Farmers is one of the cases cited in my brief. That's a case that held such a Rule 41 order terminates a district court's jurisdiction except for the limited purpose of reopening and setting aside the dismissal pursuant to Rule 60b. It's my understanding that the language of 60b does require it to be a party, but I have to say I haven't briefed that issue extensively. In any event, I would like to briefly address one issue that was raised in the appellant's brief, which has to do with supplemental jurisdiction, or as it was known back then, I believe it was – gosh, the term is evading me at this very moment. I bring this up to say that the appellant argues that merely by referencing the terms of the settlement agreement somehow gives the district court ongoing jurisdiction over that case. I believe that that's contrary to the case law that's cited in our brief. But more importantly, ancillary jurisdiction was the term that I was reaching for. I apologize. Ancillary jurisdiction would only give the court jurisdiction over a future action that's closely related to the previous action. It does not provide a basis for continuing the previous action, allowing them to intervene in a matter that has already been closed. I really do think that the operative issue here is that there's no language here similar to the conditional language that appeared in Midwest or in the Seventh Circuit case that was cited in Otis. There's no use of the words if provided that. There is no condition subsequent that has to occur in order for the dismissal to be effective. And more importantly, I believe that counsel mentioned the fact that the settlement agreement was incorporated into the dismissal order as an exhibit, and that's correct, but that's not significant because nothing about the order's language made the enforcement of the settlement terms a condition subsequent that had to be met before the dismissal became effective. The dismissal was effective immediately. There's simply no other way to interpret the order in question. I also would respectfully posit that I don't believe that the substantive merits of the motion to intervene that was filed by the appellant have any bearing on this appeal. I think this appeal is really narrowly based upon the validity of the order of dismissal and whether it was a conditional dismissal. And I think that focusing on the substantive merits of that obfuscate the issue. And I would pause to answer any questions that the panel might have, but this has gone much faster than I thought that it would. No further questions. Thank you. Thank you. I would like to reiterate that it was not just that my client had filed the motion to intervene. Also, the timeline set forth under the court rules provides 14 days for any sort of response to any motions filed in a case. No party filed a response to our motion, and therefore we were not just a potential party, but I believe that at the expiration of that timing with no response objecting to our entry as an intervener, that the court could find that we are closer to a party than not a party, and therefore should have been part of the settlement discussion and should have been required to be a signatory to the conditional dismissal for that dismissal to be effective under Rule 42A2, where because at the time the stipulation had been submitted, the defendant's city had in fact provided its answer, and therefore a notice of dismissal would not be sufficient in a voluntary dismissal. Why don't you just file a separate legal action? We're contemplating the possibility of filing separate legal actions in state court, but such filings have not occurred at this point, in effect, to try and set aside the settlement, to set aside the dismissal, to vacate the order, and to allow Local Roots to intervene and become a party to this case, and then resume settlement negotiations with the original parties and Local Roots or to come to some other resolution. But you would intervene as a defendant. Presumably you wouldn't consent to any settlement, and then what? And then the litigation would just continue? Can you force two parties that don't want to litigate to litigate against each other? It seems kind of weird. What is the point of the intervention process, if not then to force an issue to be litigated, to raise objections that the city did not raise, to raise defenses the city did not raise, and to convince the court that the filings by the plaintiffs were not relevant and that the federal court does not have jurisdiction over the matter. That would be the proposed route forward for my client if this court does set aside the settlement agreement, vacate the order, and either allow us to finally have a hearing on our motion to intervene or to determine that we have intervened. If the defendant wants to concede all those issues, why can't it? As one party it could, but the intervention exists to protect the rights of non-parties to the merits of the case being litigated. We are seeing a number of these instances in the state of Michigan where litigious plaintiffs will sue cities and convince the cities, in lieu of spending tens of thousands of dollars to litigate the issue, to instead settle and provide licenses to people who otherwise were not eligible for licensing. That are not otherwise eligible? For either the city to determine that their application did not. But if the city changes its ordinance, it seems to me that either they can or they can't, and if they go through the proper procedures and change the ordinance, then I guess if you had a right to prevent that settlement, I'm not sure what it was based on, whether it was expectation or something, but if the city goes ahead and changes the rules, then it seems to me that if you had a protectable interest to intervene on, then you would have the same right to file an action, right? Your Honor, we would contend that but for the litigation filed in federal court, the city would not have made any amendments to its licensing ordinance and would have proceeded business as usual in this matter. It was only staring down the barrel of a $40,000 retainer to a law firm to protect the city's interest in federal court that they reached the settlement table in the first place. And Local Roots would like to intervene and provide some defenses to this litigation that the city was unwilling or unable to because of financial constraints. But then you're basically saying that you had a right to intervene on behalf of the city and control their defense. We're not pertaining to control the defense on behalf of the city. We're seeking to intervene as defendants ourselves and raise our own objections, raise objections the city could but chose not to raise and litigate the issue that the city could have but chose not to move forward with because of the financial constraints on this small town. Do you think it's like a collusive, phony litigation? Like it was never intended to be a real litigation? Your Honor, I would not raise, without any further evidence, I would not raise such an issue. I would not purport to put the plaintiff in that position without solid evidence to the contrary. Further, if the plaintiff in this issue wished to obtain a license to conduct business in the city of Perry, when they filed their litigation, instead of filing litigation, they could have submitted an application for the license and they chose not to. So I don't feel, in addition to all the other... The property they obtained at some time period was not eligible because of the distance to the school at the time the original ordinance was written. In their original litigation, they had a number of other properties, some of which could have met the standard for the license, but they chose to file this litigation instead of pursuing the possibility of obtaining a license in city of Perry. I think you're about at the end of, a little bit beyond your time. Yes, Your Honor. Would you finalize your argument, please? Your Honor, I believe that Local Roots should have been allowed to intervene in this case, should have been allowed to have a hearing on this case, on this motion to intervene, and that this Court should vacate the order of dismissal, set aside the settlement agreement, and allow a hearing. Thank you. We thank you both for your briefing and your arguments, and the case will be taken under advisement and an opinion rendered in due course.